UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
MIGUEL MEJIAS,

                Plaintiff,

    -against-                          **REPORT AND RECOMMENDATION**
                                                      19 CV 922 (ENV) (CLP)

VETTE WORKS INC., *et al.*,

                Defendants.
----------------------------------------------------------X

**POLLAK**, Chief United States Magistrate Judge:

On February 15, 2019, plaintiff Miguel Mejias ("plaintiff") filed this action against Vette Works, Inc. and Sergio Fernandez (collectively, "defendants"), seeking damages for unpaid wages, unpaid overtime wages, and violations of wage notice and wage statement requirements, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and the New York Labor Law ("NYLL") § 650, et seq.

The parties reached a settlement of this matter, the terms of which are set forth in the Settlement Agreement and Release, filed with the Court. (See Sett. Agr.[1]). On June 5, 2020, defendants filed a letter motion requesting that the Court approve the Settlement Agreement and Release as fair and reasonable under Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199, 207 (2d Cir. 2015), cert. denied, 136 S. Ct. 824 (2016). Plaintiff subsequently filed a letter motion for approval, with a fully executed Settlement Agreement and Release. On July 22, 2020, the Court held a fairness hearing on the parties' motions. On September 18, 2020, plaintiff's counsel submitted his timesheets in conjunction with this motion. For the reasons set forth below, the

---

[1] Citations to "Sett. Agr." refer to the Settlement Agreement and Release, filed as Exhibit A to plaintiff's Motion for Settlement Approval, filed on June 26, 2020, ECF No. 37.

Court respectfully recommends that the court approve the parties' settlement as fair and reasonable.

## FACTUAL AND PROCEDURAL BACKGROUND

In his Complaint, plaintiff alleges that he worked for defendants as a technician for their auto body repair business from approximately either June or July 2013 to approximately January 25, 2019. (Compl.[2] ¶¶ 13, 15). Plaintiff claims that defendants failed to pay him at the applicable New York State minimum wage rate from January 1, 2019 until approximately January 25, 2019. (Id. ¶ 18). Plaintiff states that he was only paid for 30 hours each week at a regular rate that did not include any wages for time spent over 30 hours in a week, and he was not paid any overtime wages for the remaining hours worked over 40 in a week, resulting in plaintiff not receiving proper wages for approximately 25-47 hours a week. (Id. ¶ 20). Plaintiff states that defendants failed to pay plaintiff an overtime rate of at least 1.5 times his regular pay for all hours worked in excess of a 40-hour week for each week in which such overtime was worked. (Id. ¶ 24). Plaintiff further alleges that defendants failed to provide him with wage notices and that the wage statements provided to him did not contain all hours worked by plaintiff. (Id. ¶¶ 26- 27).

The parties propose to settle this matter for a total of $18,500. (Pl. Mot.[3] at 2; Sett. Agr. at 2). Of that amount, plaintiff is to receive $11,962 and plaintiff's counsel is to receive $6,538 in fees and costs. (Pl.'s Mot. at 2). For the reasons set forth below, the Court recommends approval of this Settlement Agreement and Release as fair and reasonable.

---

[2] Citations to "Compl." refer to plaintiff's Complaint, filed on February 15, 2019, ECF No. 1.

[3] Citations to "Pl. Mot." refer to plaintiff's Motion for Settlement Approval, filed on June 26, 2020, ECF No. 37.

2

DISCUSSION

1. Legal Standards

In considering whether to approve an FLSA settlement, courts consider whether the agreement "reflects a fair and reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (citations omitted); see also Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1354 (11th Cir. 1982) (holding that where an FLSA settlement is a reasonable compromise, the settlement should be approved to "promote the policy of encouraging settlement of litigation"). Courts have identified several factors to consider when determining whether a proposed settlement is fair and reasonable, including:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d at 335 (citations omitted); see also Cohetero v. Stone & Tile, Inc., No. 16 CV 4420, 2018 WL 565717, at *2-3 (E.D.N.Y. Jan. 25, 2018) (endorsing the factors from Wolinsky).

2. Settlement Terms

The Court finds that the terms of the Settlement Agreement and Release are fair and reasonable. The written agreement contains no confidentiality provision. Although there is a general release of claims, the release of claims against defendants is limited to wage and hour claims arising from plaintiff's employment with defendant. (Sett. Agr. at 3). A narrow release limited to the claims at issue in this lawsuit does not offend Cheeks. Cf. Lopez v. 41-06 Bell

3

Blvd. Bakery LLC, No. 15 CV 6953, 2016 WL 6156199, at *2 (E.D.N.Y. Oct. 3, 2016), report and recommendation adopted, No. 15 CV 6953, 2016 WL 6208481 (E.D.N.Y. Oct. 21, 2016) (holding that "broad general releases" contravene the protective nature of the FLSA); Gonzales v. Lovin Oven Catering of Suffolk, Inc., No. 14 CV 2824, 2015 WL 6550560, at *3 (E.D.N.Y. Oct. 28, 2015) (holding that a settlement agreement containing a general release violated the FLSA).

The Settlement Agreement also contains a mutual non-disparagement clause. (Sett. Agr. at 3). The clause prohibits parties from disparaging or making untruthful statements about one another but contains a truthful carveout for "statements relating to or concerning the action." (Id.) Courts in this Circuit have held that "not all non-disparagement clauses are per se objectionable." Martinez v. Gulluoglu LLC, No. 15 CV 2727, 2016 WL 206474, at *1 (S.D.N.Y. Jan. 15, 2016) (quotation marks and citations omitted). A settlement agreement may incorporate a non-disparagement agreement as long as it includes "a carve-out for truthful statements about plaintiffs' experience litigating their case," id., as is the case here.

3. Settlement Amount

The parties propose to settle this matter for a total of $18,5000. (Pl.'s Mot. at 2; Sett. Agr. at 2). In reaching this settlement, the parties acknowledge that there were ongoing disputes regarding the plaintiff's claims and the extent of damages to be awarded. The parties acknowledge that these issues, depending on how they were resolved, could adversely affect plaintiff's ability to recover, along with risks inherent in litigation. (Def. Mot.[4] at 1; Pl. Motion

---

[4] Citations to "Def. Mot." refer to defendants' Motion for Settlement Approval, filed on June 5, 2020, ECF No. 36.

at 3). The defendants dispute the work hours alleged and generally deny the plaintiff's allegations. (Pl. Mot. at 2).

Although plaintiff initially calculated his claim for unpaid wages to be $171,591.00 (id. at 1), defendants' records indicate that the plaintiff would be owed overtime wages based on a total of only 8.33 hours during a period of nine weeks. (Pl. Mot. at 2). However, based on plaintiff's allegations that he was only paid for 30 hours each week, plaintiff calculates defendants owe him around $4,486.08 in unpaid wages during those nine weeks. (Id.) As such, by settling this case for $18,500, of which plaintiff is to receive $11,962, plaintiff will receive a significant portion of his alleged unpaid wages based on defendants' records. (Id.) Moreover, plaintiff makes clear that the settlement amount is based on the ability throughout this proceeding to further refine the calculations after significant discovery and the exchange of records between the parties. (Id. at 1). From this discovery, it appears plaintiff was given wage statements but not wage notices, preventing one route for additional recovery if the parties proceeded to trial. (Id. at 2). Additionally, as defendant notes, this settlement was reached after multiple settlement conferences and additional conferences before the undersigned. (Def. Mot. at 1).

Weighing the settlement amount agreed to here against the inherent risks and burdens that plaintiff would face in pursuing the litigation, and seeing no issues regarding potential fraud or collusion in this case, the Court respectfully recommends that the court find the settlement to be fair. See Wolinsky v. Scholastic Inc., 900 F. Supp. 2d at 335.

4. Attorney's Fees and Costs

The Second Circuit has set forth six factors to determine whether attorney's fees in FLSA settlements are reasonable: "(1) the time and labor expended by counsel; (2) the magnitude and complexities of the litigation; (3) the risk of the litigation . . .; (4) the quality of representation;

(5) the requested fee in relation to the settlement; and (6) public policy considerations." Goldberger v. Integrated Res., Inc., 209 F.3d 43, 50 (2d Cir. 2000).

Courts employ the "lodestar" method in determining whether attorney's fees are reasonable, multiplying the number of hours reasonably spent by counsel on the matter by a reasonable hourly rate. See Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 546, 551-52 (2010); Millea v. Metro-North R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011); Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany, 522 F.3d 182, 183 (2d Cir. 2008); Cowan v. Ernest Codelia, P.C., No. 98 CV 5548, 2001 WL 30501, at *7 (S.D.N.Y. Jan. 12, 2001), aff'd, 50 F. App'x 36 (2d Cir. 2002). Although there is a "strong presumption that this amount represents a reasonable fee," the resulting lodestar figure may be adjusted based on certain other factors. Cowan v. Ernest Codelia, P.C., 2001 WL 30501 at *7; Quaratino v. Tiffany & Co., 166 F.3d 422, 425 (2d Cir. 1999).

Instead of using the lodestar method, courts may employ the "percentage of the fund" method. See McDaniel v. Cty. of Schenectady, 595 F.3d 411, 417 (2d Cir. 2010). With this method, courts in this Circuit have routinely found an award representing one third of the settlement amount to be reasonable. Romero v. Westbury Jeep Chrysler Dodge, Inc., No. 15 CV 4145, 2016 WL 1369389, at *2 (E.D.N.Y. Apr. 6, 2016) (citing cases). In FLSA cases, regardless of the method used, "'[t]he Court must . . . separately assess the reasonableness of plaintiffs' attorney's fees, even when the fee is negotiated as part of a settlement rather than judicially determined.'" Beckert v. Rubinov, No. 15 CV 1951, 2015 WL 6503832, at *2 (S.D.N.Y. Oct. 27, 2015) (quoting Lliguichuzcha v. Cinema 60, LLC, 948 F. Supp. 2d at 366). Although courts in this Circuit have noted that there is "a greater range of reasonableness for approving attorney's fees" in individual FLSA actions than in collective actions, courts must still

"carefully scrutinize" such settlements. Wolinsky v. Scholastic Inc., 900 F. Supp. 2d at 336 (internal citations omitted). Courts in this Circuit have reduced the award of attorney's fees when the lodestar or the percentage of the settlement that counsel sought appeared unreasonable.

With respect to the division of the settlement amount, plaintiff's counsel seeks attorney's fees equal to one-third of the total settlement amount, after subtracting costs. (Pl.'s Mot. at 2). Plaintiff's counsel's billing records indicate that he worked for a total of 48.12 hours on the case, which equals $21,652.50 at a rate of $450 per hour. (Att. Time Records, ECF No. 41-1). Instead of seeking compensation for the hours worked in this case, plaintiff's counsel seeks fees representing one-third of the total settlement amount - $5,980. (Pl.'s Mot. at 2). Since plaintiff's counsel is requesting one-third of the settlement, a percentage typically found reasonable in this Circuit, and upon review of the parties' submissions and consideration of the Goldberger factors set forth above, the Court finds the requested fee to be reasonable, and as such, recommends approval of the attorney's fees in the amount of $5,980. With respect to plaintiffs' counsel's request for costs, counsel requests $558, consisting of $400 in filing fees and $158 in fees for service of process. (Pl.'s Mot. at 2; see also ECF No. 41). The Court recommends approving these costs as reasonable and necessary.

## CONCLUSION

In this case, after holding a fairness hearing and reviewing the parties' submission, the Court respectfully recommends that the court find the settlement reached is a fair and reasonable compromise of plaintiff's claims, considering the amount received, the issues of potential liability that might have limited recovery, and the fact that the parties engaged in arms-length negotiations among experienced counsel, sufficient to gain an understanding of the risks and benefits of proceeding with the litigation. Cf. Wolinsky v. Scholastic, Inc., 900 F.

Supp. 2d at 335 (examining the factors courts consider when approving FLSA settlement agreements). The Court also recommends approval of the counsel's reasonable request for costs and fees.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); see also Fed. R. Civ. P. 6(a), (e) (providing the method for computing time). Failure to file objections within the specified time waives the right to appeal the District Court's order. See, e.g., Caidor v. Onondaga Cty., 517 F.3d 601, 604 (2d Cir. 2008) (explaining that "failure to object timely to a . . . report [and recommendation] operates as a waiver of any further judicial review of the magistrate [judge's] decision").

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED**.

Dated: Brooklyn, New York
April 2, 2021

/s/ Cheryl L. Pollak
Cheryl L. Pollak
Chief United States Magistrate Judge
Eastern District of New York